UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DANIEL L. WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRANDON ROBINSON and JONATHAN )<br>CORBIN, )<br>)<br>Defendants. ) | No. 3:21-CV-248-KAC-DCP |

## MEMORANDUM OPINION AND ORDER

On June 16, 2022, the Court entered an Order identifying that Defendants had indicated to the Court that Plaintiff informed Defendants' counsel, both in a letter and on the phone, that Plaintiff wants to dismiss this action [Doc. 30 at 1–2]. Defendants also filed a letter from Plaintiff indicating that Plaintiff wants to dismiss this action [*See* Docs. 29, 29-1]. In the Order, the Court required Plaintiff to show good cause as to why it should not dismiss this action based on his representations to Defendants and notified Plaintiff that, if he desired to continue this action in contravention to his representations to Defendants, he must show good cause within fifteen (15) days of entry of that Order [Doc. 30 at 1-2]. The Court also warned that it would dismiss this action if Plaintiff did not respond to the Order [*Id.*]. Plaintiff has not responded to the Order or otherwise communicated with the Court, and his time for doing so has passed.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a plaintiff's failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion),

it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Here, Plaintiff indicated to Defendants that he does not desire to move forward with this action, and he confirmed that intent by failing to indicate otherwise in response to the Court's Order. The Court specifically warned Plaintiff that it would dismiss this action, consistent with his representations, if he did not respond to the Court's Order [Doc. 31 at 1-2]. The Defendants would not be prejudiced by the dismissal of this action. And lesser sanctions would not be consistent with Plaintiff's stated intent to dismiss this action. Accordingly, the Court **DISMISSES** this action **with prejudice** under Rule 41(b). The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge